UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 13-241-KSF

JOHN EVERETT WILLIAMS and
MICHELLE JOSIE WILLIAMS                                                            PLAINTIFFS

v.                                       **OPINION & ORDER**

AETNA LIFE INSURANCE COMPANY                                                        DEFENDANT

\* \* \* \* \* \* \* \* \* \*

In this civil action, the Plaintiffs, John Everett Williams and Michelle Josie Williams (the "Williamses"), seek to obtain relief from Defendant Aetna Life Insurance Company's ("Aetna") refusal to pay medical benefits allegedly due under an employee benefits plan under the Employee Retirement Income Security Act of 1974. This matter is currently before the Court upon the Williamses' motion to conduct discovery [DE #38].

Generally, in an ERISA action, this Court's review of the denial of benefits is based solely on the administrative record. *Wilkins v. Baptist Healthcare Sys. Inc.*, 150 F.3d 609, 619 (1998); *Raney v. Life Ins. Co. of North America*, 2009 WL 1044891 (E.D.Ky April 20, 2009). This ensures ERISA's promise of providing "a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 2000).

In certain circumstances, however, courts may consider evidence outside the administrative record. For example, the Sixth Circuit has held that a "district court may consider evidence outside the administrative record only if that evidence is offered in support of a procedural challenge to the

1

administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Wilkins*, 150 F.3d at 619. Any discovery outside the administrative record must be limited to such procedural challenges. *Id*. In cases where the administrator plays the dual role of evaluating and paying benefits, the Supreme Court has held that a "conflict of interest" may be created, and district courts "should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and . . . the significance of the factor will depend on the circumstances of the particular case." *Id*. Allowing limited discovery outside the administrative record assists the district court in determining how much weight to give presumed conflicts of interest. *Calvert v. Firstar Fin. Inc.*, 409 F.3d 286, 292 (6th Cir. 2005); *Hays v. Provident Life and Accident Ins. Co.*, 2008 WL 5216125, at *2 (E.D.Ky. Dec. 12, 2008).

In this case, Aetna serves the dual role of the evaluator and the payor of claims. The Williamses intend to argue that Aetna's claims review process was influenced by its conflict of interest and particular procedural deficiencies, and seek discovery on these issues. Originally, the Williamses sought to propound multiple interrogatories, requests to produce, and requests for admission. According to their Reply, however, they have reduced their discovery requests to one request for production of evidence and four requests for admissions [DE #40].

With respect to their request for production of evidence, they seek leave to propound the following request: "For any Aetna employees involved in any meaningful way in reviewing Ms. Williams' medical claim, including the employees [sic] signed the denial letter, please provide copies of any documents which show any type of incentive, bonus, or reward program or system, formal or informal, for said employees, and all documents showing how such bonus was calculated" [DE #38, p. 6-7]. As Aetna has not objected to this discovery request, the Court will grant the

2

Williamses leave to propound this request for production of documents.

Next, the Williamses seek leave to propound the following four requests for admissions:

(1) Admit that it is Aetna's policy, that, in order to properly consider a claim, its employees should fully investigate the relevant and applicable facts of any claim.
(2) Admit that it is Aetna's policy that, as an ERISA fiduciary, in order to properly consider a claim, Aetna's employees should consider the interests of their insureds at least equal to Aetna's interests..
(3) Admit that it is Aetna's policy that any denial of benefits must contain an adequate and timely notice of the reasons for the denial such that a member or beneficiary can submit rebuttal information prior to any final denial.
(4) Admit that Aetna failed to notify Plaintiffs of its position that the medical necessity of IVIG treatment for selective antibody deficiency should be re-evaluated until more than two year after its initial denial of March 15, 2011.

[DE #40, p. 2]. According to the Williamses, the first two requests deal with conflict of interest concerns, and the second two requests deal with procedural deficiencies. The Williamses argue that these requests for admissions simply require Aetna to acknowledge basic, uncontroversial requirements of claims review. They contend that the administrative record will show that Aetna violated these policies and procedures, either because its claims review process was influenced by its conflict of interest and the particular procedural deficiencies at issue, or that Aetna was sloppy. On the other hand, Aetna contends that these requests are not narrowly tailored to a potential conflict of interest or the review procedure, but rather to the merits of the claim review.

In this case, the Court finds that these requests for admissions are relevant and appropriately tailored to address the conflict of interest and procedural deficiency issues. If the administrative record reveals that Aetna violated any of these policies or procedures, then the Williamses may be able to prove that the claims review process was influenced by Aetna's conflict of interest or that the

alleged procedural deficiencies occurred. Accordingly, the Williamses' motion will be granted with respect to these four requests for admissions.

For these reasons, **IT IS HEREBY ORDERED** that the Williamses' motion to conduct discovery [DE #38] is **GRANTED IN PART** to following extent:

(1) the Williamses are granted leave to propound the following request for production of evidence: "For any Aetna employees involved in any meaningful way in reviewing Ms. Williams' medical claim, including the employees [sic] signed the denial letter, please provide copies of any documents which show any type of incentive, bonus, or reward program or system, formal or informal, for said employees, and all documents showing how such bonus was calculated;"

(2) the Williamses are granted leave to propound the following requests for admissions:

(A) Admit that it is Aetna's policy, that, in order to properly consider a claim, its employees should fully investigate the relevant and applicable facts of any claim.
(B) Admit that it is Aetna's policy that, as an ERISA fiduciary, in order to properly consider a claim, Aetna's employees should consider the interests of their insureds at least equal to Aetna's interests..
(C) Admit that it is Aetna's policy that any denial of benefits must contain an adequate and timely notice of the reasons for the denial such that a member or beneficiary can submit rebuttal information prior to any final denial.
(D) Admit that Aetna failed to notify Plaintiffs of its position that the medical necessity of IVIG treatment for selective antibody deficiency should be re-evaluated until more than two year after its initial denial of March 15, 2011.

(3) All discovery should be completed **NO LATER THAN MAY16, 2014**.

The motion is **DENIED** in all other respects. Pursuant to the Court's Second Amended Scheduling Order [DE #31], **WITHIN 10 DAYS OF COMPLETION OF DISCOVERY**, the parties shall submit a proposed briefing schedule for briefs on the merits.

This April 16, 2014.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

4